UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXIS HAMANN,

    Plaintiff,                                             Case No:

vs.

LITTLE ITALYS MEATBALLS, LLC d/b/a
LITTLE ITALY'S FAMILY RESTAURANT AND CATERING
and CARL R. MEYERS, JR. individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, ALEXIS HAMANN, hereinafter referred to as "PLAINTIFF" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through her undersigned counsel and sues the Defendants, LITTLE ITALYS MEATBALLS, LLC d/b/a LITTLE ITALY'S FAMILY RESTAURANT AND CATERING, (hereinafter known as "LITTLE ITALY") and CARL R. MEYERS, JR. individually (hereinafter known as "MYERS"), collectively known as "DEFENDANTS" and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

3. Plaintiff resides in Pasco County, Florida.

4. Defendant, LITTLE ITALY, is a Florida corporation licensed and authorized to conduct business in the State of Florida and doing business within Pasco County. At all times material Defendant was an employer as defined by the FLSA.

5. Defendant, MEYERS, is the Managing Partner of Little Italy's Family Restaurant and Catering and was acting in a supervisory capacity for Little Italy's Family Restaurant. Defendant, MEYERS, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, MEYERS possessed operational control of business activities.

6. Defendant, MEYERS, was involved in the day to day operations and had direct responsibility for the supervision of Plaintiff.

7. At all times material Defendants were employers as defined by the laws under which this action is brought.

## GENERAL ALLEGATIONS

8. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employers.

9. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## FACTS

11. Plaintiff was employed by Defendants from approximately June 2020 to August

17, 2020, as a Server.

12. Plaintiff was a tipped employee

13. Plaintiff was not paid for the hours she worked on August 9, 2020 through August 16, 2020.

14. Plaintiff estimates she is owed $1,005.00.

## COUNT I
## FLSA MINIMUM WAGE

15. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

16. Plaintiff is entitled to minimum wage for all hours worked pursuant to the FLSA.

17. By reason of the intentional, willful and unlawful acts of the Defendants in violation of the FLSA, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against the Defendants for all damages and relief under the FLSA, including liquidated damages, attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## COUNT II
## FLORIDA STATUTE CHAPTER 448.08 - UNPAID WAGES
## AS TO LITTLE ITALY

18. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

19. Plaintiff earned wages and tips over the course of her employment which are owed and payable by the Defendant, LITTLE ITALY, pursuant to Florida Statute Chapter 448.08.

20. Plaintiff's claim is for all uncompensated hours worked by Plaintiff.

21. Defendant, LITTLE ITALY, despite Plaintiff's reasonable attempts to obtain payment of these earned monies, has failed and refused to make payment as required by Florida Statute Chapter 448.08.

WHEREFORE, Plaintiff respectfully request all legal and equitable relief allowed by law including judgment against Defendant, LITTLE ITALY, for back pay, unpaid wages, tips, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of the claim and such other relief as the Court may deem just and proper

Dated: November 4, 2020.

FLORIN GRAY BOUZAS OWENS, LLC

/s/Wolfgang M. Florin
Wolfgang M. Florin
Florida Bar No. 907804
wolfgang@fgbolaw.com
Christopher D. Gray
Florida Bar No. 0902004
chris@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
 Facsimile (727) 483-7942
Attorneys for Plaintiff